United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 06-20829
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN MANUEL MACIAS-CRUZ, also known as Juan Manuel Macias

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-34-ALL

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Macias-Cruz was convicted of illegal reentry into the United States after having been deported and was sentenced to serve 45 months in prison. Macias-Cruz contends that our rulings giving a presumption of reasonableness to guidelines sentences effectively reinstate mandatory guidelines sentencing and render his sentence unreasonable as a matter of law. He concedes that his argument is foreclosed by circuit precedent, but he raises

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it to preserve it for further review.  The argument fails in light of the decision in Rita v. United States, 127 S. Ct. 2456, 2462-66 (2007).

Macias-Cruz also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  Macias-Cruz's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule it in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); see also Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Pineda-Arrellano, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007).  Macias-Cruz properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.